APPEAL OF JOHN BEARMER ET AL.

[ESTATE OF MARGARET BEARMER, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 15, 1889—Decided April 29, 1889.

(a) On an appeal to the Orphans' Court from the decree of the register refusing to admit a testamentary paper to probate and granting letters of administration, no issue was asked for by either party.

(b) The Orphans' Court upon the testimony adduced, found that the testamentary paper was the last will of the deceased, and decreed that it should be admitted to probate and letters testamentary issued thereon: from this decree an appeal was then taken to this court.

1. In such case, as there was nothing before the Supreme Court but a question of fact upon which the Orphans' Court had passed, and the finding of that court having been based upon sufficient evidence, its decree would be affirmed and the appeal dismissed.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

No. 35 January Term 1889, Sup. Ct.

On February 16, 1888, John Bearmer and George Bearmer, sons of Margaret Bearmer, deceased, filed a caveat to the probate of a paper alleged to be the last will of their mother. A bond was filed and a citation issued. Testimony was taken before the register, who subsequently made a decree refusing to admit the alleged will to probate and granting letters of administration to John and George Bearmer. Mary Mills, a daughter of the decedent and a beneficiary under the alleged will, then took an appeal to the Orphans' Court, but no demand for an issue was made at any stage of the proceedings.

From the evidence taken before the register, certified to the Orphans' Court by the agreement of the parties, and from the additional evidence adduced in the Orphans' Court, it appeared that the decedent died on January 17, 1888, at 9:25 A. M.; that she left surviving her four children, John and George Bearmer; Annie, the wife of Joseph Everett, and Mary, the wife

of William H. Mills. Joseph Everett prepared the will, by which small devises and legacies were given to the sons, and the remainder of the estate to Mrs. Mary Mills. Mrs. Hoffman, a sister of the decedent and a subscribing witness to the will, testified that decedent had "her mind to the last minute;" that "in writing her signature she made a long stroke down and it did not look nice and her daughter Annie rubbed it out and I held her hand while she wrote it."

Annie Everett testified: "Mother wanted me to tell my husband to write a will and I took it home and I told my husband what she wanted written. Mother and I were alone at the time she told me what she wanted in the will. She told me to tell my husband to give John Bearmer 30 by 25 feet of land and $100; there is a house on that land, some part of it is on it; 30 by 25 feet to George Bearmer and $100; and the home and the lot to Mary Mills, that is, the lot where she lives. She asked me if I was willing to give my share to Mary, my sister, and I said yes." The witness further testified that her mother was of sound mind when she signed the paper.

Dr. Edward Gumpert, a subscribing witness, testified that he attended the decedent in her last illness ; that about 8 o'clock on the morning she died she had got a will made and requested him to sign as a witness: "I told her I will read the will to her, and if she has heard it and no objection made, she might sign it. I read the will, and finishing, she said, 'So shall it be.' I found her signature on it and I asked her, 'you should have waited till I come.' She answered me, 'this is my signature.' She says particularly, 'I could not die unless this sore is taken from my heart.' Her mind was completely clear. She interrupted me and got several phrases repeated from the will which convinced me that she was completely interested in the matter. Her physical condition was in such a state that she could converse about the matter. At her request I signed as a witness."

The court, RHONE, P. J., filed the following opinion:

As no one demanded an issue before the register he had no occasion to send the case to the Common Pleas, but on demand should have sent the case to this court. As the register chose to enter a decree, the parties had a right to appeal to this court, and it is our duty to take testimony now as if the case had

been sent to us by order of the register : Wickersham s Appeal, 75 Pa. 334. Having taken the testimony and carefully considered it, we are obliged to reverse the decree of the register, because we have no doubt whatever the will in question was duly executed and the witnesses thereto were competent and honest.

Let a formal decree be drawn declaring the will in question to have been duly executed and proven, and that the register make formal decree of probate, also revoking the letters of administration granted and appellees to pay the costs.

A formal decree having been entered, John and George Bearmer took this appeal, specifying that the court erred [inter alia] :

1. In directing probate to be made of a paper which was not the last will and testament of Margaret Bearmer, deceased, and in revoking the letters of administration on her estate, granted by the register.

2. In summarily setting aside the exercise of a sound legal discretion by the register on a question of fact submitted to him, without awarding an issue.

5. In not dismissing the appeal from the register's decree, there being no application made for an issue by the appellant on any disputed facts difficult to determine.

*Mr. Michael Cannon*, for the appellants.

*Mr. J. G. Miller*, for the appellee.

PER CURIAM :

The register of wills refused to admit the will of Margaret Bearmer to probate, and granted letters of administration upon her estate to the appellants. From this decision an appeal was taken to the Orphans' Court. No issue was asked for at any stage of the proceedings. We have nothing before us but a question of fact upon which the Orphans' Court has reversed the register, and admitted the will to probate. The court finds that "the will in question was duly executed, and the witnesses thereto were competent and honest." We are not prepared to say this finding is not correct.

Decree affirmed and the appeal dismissed at the costs of the appellants.